Links: 32

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 11-ML-2265-MRP (MANx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*<br>*Fed. Deposit Ins. Corp., as Receiver for Strategic Capital Bank v. J.P. Morgan Secs.*<br>*LLC,* et al., **12-CV-8415 (JS-6)** | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | |
|---|---|---|
| Isabel Martinez | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**      **(In Chambers)**

## ORDER RE: MOTIONS TO DISMISS

The Federal Deposit Insurance Corporation ("FDIC") became receiver for the failed Strategic Capital Bank on May 22, 2009.  First Am. Compl. ¶ 5.  The FDIC sues the defendants here for violations of federal securities law, based on the sale of five residential mortgage-backed securities ("RMBS" or "certificates") to Strategic Capital Bank.  The FDIC argues that the "Offering Documents" that created and were used to market the certificates contained material misstatements, in violation of Section 11 of the 1933 Securities Act.

The FDIC's claims are time-barred.  *Fed. Deposit Ins. Corp. as Receiver for Strategic Capital Bank v. Countrywide Fin. Corp.*, 12–CV–4354, 2012 WL 5900973 (C.D. Cal. Nov. 21, 2012).  None of Plaintiffs' arguments persuades this Court to reconsider its prior Order.  A reasonable investor in Countrywide securities could have pled a complaint that could survive a 12(b)(6) motion to dismiss before May 22, 2008.  *Id.* at *3.  That means that a reasonably diligent investor should have discovered misstatements in the Offering Documents before May 22, 2008.  *Id.* The statute of limitations therefore expired before the FDIC was named receiver for Strategic Capital Bank.  The FDIC does not have the power to revive these expired claims.

There is no reason to delay commencement of the statute of limitations, because Strategic Capital Bank did not purchase the same tranche as the named plaintiff in the class action complaint in *Luther v. Countrywide Home Loans Servicing LP.  Strategic Capital Bank*, 2012 WL 5900973, at **8–12.  Additionally, state court class actions cannot toll the statute of limitations for a subsequent individual federal claim, because a class action in state court need not conform to the requirements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 11-ML-2265-MRP (MANx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*<br>*Fed. Deposit Ins. Corp., as Receiver for Strategic Capital Bank v. J.P. Morgan Secs.*<br>*LLC,* et al., **12-CV-8415 (JS-6)** | | |

of Federal Rule 23, or supply the information mandated in a securities action in federal court. *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) ("The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23.") (quotations and citations omitted); *Fed. Deposit Ins. Co. as Receiver for Security Savings Bank v. Banc of Am. Secs. LLC*, 12-CV-6690, 2013 WL 1191785 at **8–12; *Strategic Capital Bank*, 2012 WL 5900973, at **12–14. Therefore, all claims brought by the FDIC are time-barred, and dismissed.[1]

      IT IS SO ORDERED.

---

[1] The Court remains "puzzled as to why the FDIC has initiated two separate suits," between this action and the earlier case involving Strategic Capital Bank, 12-CV-4354. *See Security Savings Bank*, 2013 WL 1191785, at *2 n.4.